IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

RESOLVE FUNDING, LLC,      :
    Plaintiff,          :
                      :
                      :
v.                    :      C.A. No. S17C-09-003 RFS
                      :
                      :
BUCKLEY PROPERTY SERVICES,  :
LLC and PAM GREER BUCKLEY,  :
    Defendants.        :

## MEMORANDUM OPINION

Upon Defendants' Motion to Dismiss.  Denied.

Date Submitted:  December 13, 2017
Date Decided:  February 7, 2018

David B. Anthony, Esq. and Sean A. Meluney, Esq., Berger Harris LLP, 1105 N. Market Street, Suite 1100, Wilmington, Delaware 19801, Attorneys for Plaintiff.

Michael F. Duggan, Esq. and Brett T. Norton, Esq., Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., 300 Delaware Avenue, Suite 900, Wilmington, Delaware 19801, Attorneys for Defendants.

STOKES, J.

## I. INTRODUCTION

This matter is presently before the Court on the motion of Defendants, Buckley Property Services, LLC and Pam Greer Buckley (collectively "Buckley"), for dismissal pursuant to Superior Court Civil Rules 9(b) and 12(b)(6). The Plaintiff, Resolve Funding, LLC ("Resolve"), opposes the Motion. For the following reasons, Defendants' Motion to Dismiss is **DENIED**.

## II. FACTS

In June 2015, Best Point, LLC ("Best Point") applied to Resolve for a loan to purchase 205 Pepper Vine Point, Dagsboro, Delaware 19939. Resolve sought a valuation of the property to determine whether to approve the loan. Resolve engaged Buckley, a property appraisal company specializing in residential properties located in Sussex County, to appraise the property. On June 23, 2015, Buckley delivered the appraisal to Resolve. Buckley represented that it had done the following during the appraisal process: (1) performed a complete visual inspection of the interior and exterior areas of the property, (2) performed the appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice ("USPAP"), (3) developed an opinion of the market value of the property, (4) used a reliable sale comparison approach for the valuation, (5) researched, verified, analyzed, and reported prior comparable sales, (6) selected and used comparable sales that were locationally, physically, and functionally similar to the property, (7) reported adjustments to the comparable sales that reflect the market's reaction to the difference between the property and the comparable sales, and (8) took into consideration the factors that have an impact on value. Buckley asserted that with certain minor improvements[1] the market value of the property in June 2015 was $1,950,00.00.

---

[1] According to Buckley, the repairs remaining at the time of valuation were expected to cost approximately $90,000.00. Approximately $225,000.00 had already been spent on repairs at this time. The "as-is value" of the property was listed at $1,750,000.00. A "liquidation value" of $1,675,000,00 was also given.

1

Resolve approved Best Point's loan in the amount of $1,118,250.00. Best Point executed and delivered the mortgage to Resolve on July 23, 2015. In January 2016, Resolve retained a real estate broker in order to list the property for sale, as foreclosure appeared imminent. At that time, the real estate broker estimated that the value of the property was around $1,000,000.00. On February 5, 2016, Resolve instituted a foreclosure proceeding against Best Point. Ultimately, a default judgment was entered in favor of Resolve for $1,610,508.84. Resolve executed the judgment. On February 24, 2017, Resolve was the highest bidder at the Sheriff's sale. The property was listed on March 9, 2017. On July, 20, 2017, the property sold for $649,000.00.

On September 1, 2017, Resolve filed the Complaint in this action. It alleges one count of negligence and one count of negligent misrepresentation against Buckley. This Motion to Dismiss is Buckley's first responsive pleading.

### III.    PARTIES' CONTENTIONS

Buckley first argues that Resolve has not pleaded facts in the Complaint sufficient to survive Rule 9(b) scrutiny. Rule 9(b) states, "In all averments…of negligence…the circumstances constituting…negligence…shall be stated with particularity."[2] In Buckley's view, Resolve has only made conclusory statements which are not supported by fact, and which fail to support the claim of negligence. According to Buckley, the facts show that Resolve "entered into a lending market it did not understand, made underwriting mistakes, and accepted a bad borrower."[3] As part of this argument, Buckley asserts that the appraisal was not a price guaranty and the fluctuations in the real estate market are normal and expected. Essentially, Buckley believes that Resolve is attempting to recover for negligence when, in reality, it simply made a bad deal.

---

[2] Super. Ct. Civ. R. 9(b).
[3] Defs.' Mot. Dismiss 12.

2

In addition, Buckley argues that Resolve did not allege facts to support two of the elements of negligent misrepresentation: reasonable reliance and causation. In support of this assertion Buckley restates the arguments in the paragraph above. In short, Buckley argues that Resolve has not pleaded the elements of either count with particularity, so the Motion to Dismiss should be granted.

Conversely, Resolve argues that the Complaint meets the pleading requirements laid out in Rules 9(b) and 12(b)(6).[4] Resolve first points out that it did not allege that the appraisal was a price guaranty, but that Buckley failed to provide an accurate appraisal of the property that conformed with commercially reasonable standards. Resolve further highlights that the appraisal clearly states it is subject to the USPAP and that failure to meet those standards could incur civil liability.

Resolve also details how each element of negligence is alleged in the Complaint. First, Resolve argues that Buckley owed a duty of care as a result of the appraiser-client relationship between the parties. Second, Resolve states that Buckley breached this duty in failing to conform to the standards laid out in USPAP. The following facts are given as support: (1) the value of the property was grossly overstated, (2) Buckley failed to perform a proper inspection of the property, which is evidenced by the misstatement in the appraisal that many of the repairs had already been completed, (3) Buckley failed to be fully educated on the intricacies of the Dagsboro real estate market, and (4) Buckley failed to use and analyze accurate sales comparisons, but rather focused on the comparatively more expensive markets of Lewes, Rehoboth Beach, Dewey Beach, Fenwick Island, and Ocean View. Third, Resolve asserts that it approved Best Point's loan in reliance on the appraisal and the representations made therein. As a result, the loan was severely under-

4

3

secured, which left Resolve with an unrecoverable default judgment. This unrecoverable default judgment is the basis for the damages element of a negligence claim. Thus, Resolve argues that the Complaint pleaded all four elements of negligence with particularity; therefore, the Motion to Dismiss should be denied.

Furthermore, Resolve asserts that it met the pleading requirements for the negligent misrepresentation claim. Resolve states that the plaintiff need only "plead that defendant had a pecuniary duty to provide accurate information, defendant supplied false information, defendant failed to exercise reasonable care in obtaining or communicating the information, and he suffered a pecuniary loss caused by justifiable reliance."[5] According to Resolve, the first element is met because the parties entered into an appraiser-client relationship which required Buckley to provide a fair and accurate evaluation of the property. However, in Resolve's view, the appraisal inaccurately valued the property because Buckley failed to take the necessary steps to ensure that the appraisal was in line with the USPAP standards, satisfying the second and third elements of the claim. Finally, Resolve states that it suffered a large pecuniary loss as a result of the under-secured loan and resultant unenforceable default judgment. Resolve argues that all elements of the negligent misrepresentation claim have been alleged with particularity; thus, the Motion to Dismiss should be denied.

## IV.    STANDARD OF REVIEW

The standard of review to be applied in a motion to dismiss pursuant to Rule 12(b)(6) and Rule 9 is discussed in *Doe 30's Mother v. Bradley*:

> When considering a motion to dismiss, the Court must read the complaint generously, accept all of the well-pled allegations contained therein as true, and draw all reasonable inferences in the light most favorable to the non-moving party. A complaint is well-pled if it puts the opposing party on notice of the claim being brought against it. "Dismissal is inappropriate unless the 'plaintiff would not be

---

[5] Pl.'s Answering Br. Opp'n Defs.' Mot. Dismiss 18.

4

entitled to recover under any reasonably conceivable set of circumstances susceptible of proof.'" When the complaint includes claims of negligence, the Court must take into account Delaware Superior Court Civil Rule 9(b), which requires the plaintiff to plead allegations of negligence with particularity. The underlying purpose of Rule 9(b) is to ensure that the defendant is notified of the "acts or omissions by which it is alleged that a duty has been violated in order to enable the preparation of a defense." "To satisfy this purpose, 'it is usually necessary to allege only sufficient facts out of which a duty is implied and a general averment of failure to discharge that duty.'"[6]

## V.    ANALYSIS

The Court must determine whether the Complaint placed Buckley on notice of the claims brought and provided Buckley with sufficient facts surrounding the negligence claims to mount a defense. Taking all of the facts pled in the Complaint as true and drawing all inferences in the light most favorable to Resolve, it is clear that Resolve has stated a claim upon which relief can be granted. Additionally, the allegations of negligence and negligent misrepresentation have been pleaded with particularity.

A detailed factual background is provided in the Complaint. The Complaint sets out that Buckley and Resolve entered into an appraiser-client relationship and that Buckley was to perform an evaluation of the Dagsboro property. Next, Resolve details the ways in which the duty that arose from the appraiser-client relationship was breached. Some of the factual allegations include: Buckley's failure to comply with commercially reasonable standards, failure to provide an accurate market valuation for the property, failure to use and analyze appropriate comparable sales, failure to conduct a proper inspection of the property, failure to be fully informed on the intricacies of the local market, failure to use reasonable care in preparation of the appraisal, and failure to conform with uniform professional standards set out in the USPAP and by statute.[7] Resolve's final

---

[6] *Doe 30's Mother v. Bradley*, 58 A.3d 429, 444 (Del. Super. Ct. 2012) (internal citations omitted).
[7] The Court notes that the Complaint cites 24 *Del. C.* § 2912 as the applicable statutory provision; however, this appears to be in error. The applicable provisions are found in Chapter 40 of Title 24 of the *Delaware Code*.

5

averment is that it relied upon the negligently prepared appraisal when it approved Best Point's loan. As a result, Resolve suffered significant financial losses.

In *Brown v. Interbay Funding, LLC*, the Court lists the elements necessary to establish a claim for professional negligence: "plaintiffs must demonstrate that: (1) a defendant owed plaintiff a duty of care; (2) the defendant breached that duty; and (3) the defendant's breach was the proximate cause of plaintiffs' injury."[8] From the facts detailed above, it appears that all three elements have been pleaded with particularity. Thus, the facts given in the Complaint satisfy the purpose of Rule 9(b), to show the defendant what duty was owed and the ways in which it was breached. Count I of the Complaint survives.

Furthermore, the Complaint adequately laid out the claim for negligent misrepresentation. The elements of a negligent misrepresentation claim are discussed in *Outdoor Technologies, Inc. v. Allfirst Financial, Inc.* The Court wrote:

> In order to sustain a claim for negligent misrepresentation under Delaware law, plaintiffs must prove (1) a pecuniary duty to provide accurate information, (2) the supplying of false information, (3) failure to exercise reasonable care in obtaining or communicating information, and (4) a pecuniary loss caused by justifiable reliance upon the false information. If plaintiffs fail to prove any of the four required elements, their claim for negligent misrepresentation must fail.[9]

Taking all of the facts pleaded in the Complaint as true, Resolve has met the Rule 12(b)(6) and Rule 9(b) burdens.[10] It is clear that the parties entered into a business relationship and that Buckley had a pecuniary duty to provide accurate information in the appraisal. Moreover, assuming that Resolves contentions are correct, Buckley supplied false information in the appraisal because it did not exercise reasonable care in evaluating the property. Finally, Resolve suffered a

---

[8] *Brown v. Interbay Funding, LLC*, 417 F.Supp.2d 573, 579 (D. Del. 2006).
[9] *Outdoor Technologies, Inc. v. Allfirst Financial, Inc.*, 2000 WL 141275, at *4 (Del. Super. Ct. Jan. 24, 2000).
[10] Given that Rule 9(b) sets out a higher standard than Rule 12(b)(6), it logically follows that an allegation satisfying Rule 9(b) also satisfies Rule 12(b)(6).

pecuniary loss as a result of its reliance on the appraisal. Thus, Resolve has pleaded the claim of negligent misrepresentation with particularity, so Count II of the Complaint survives.

## VI. CONCLUSION

The Complaint properly states claims for which relief can be granted and alleges the counts of negligence and negligent misrepresentation with particularity. Therefore, Defendants' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED**.